RAFAEL MIRABAL SANTANA, Petitioner and Appellant, v. GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. 12487.  Submitted April 20, 1961.—Decided May 11, 1961.

---

.José C. Mendía for appellant. J. B. Fernández Badillo, Attorney General of Puerto Rico, and Juan A. Faría, Assistant Attorney General, for appellee.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Rafael Mirabal Santana was born on May 17, 1928. Being under sixteen years of age he was charged in the former Municipal Court of San Juan, with petit larceny and aggravated assault and battery. After having established defendant's age, said court ordered the case to be transferred to the Juvenile Court.

On October 9, 1944 the Special Probation Officer of the San Juan Juvenile Court, filed two complaints against Mirabal Santana charging him with being a "delinquent child" for having committed the afore-mentioned violations of the law. Besides, he pointed out in the petition that the child was "on bail." On the cover of the record of the case there are several annotations to the effect that "he was set on bail 10/26/44," "set for Oct. 27 '44. Set for Nov. 10 '44, since

he was on bail. Nov. 10' 44. When called for trial he did not appear and it was stated that he was in the District Jail. Nov. 17/44. Summoned to trial and did not answer. The spaces for the date of arraignment, date of hearing, examining magistrate, court stenographer, attorney, and decision of the court were in blank. On the margin at the bottom of the cover there is a handwritten note in pencil, without date, which states the following: Municipal Court 2d Sec. sentenced him to one year in jail, and this judgment is on appeal."[1]

In 1947, when Mirabal was already nineteen years old, he killed a human being. He was tried and convicted by the former District Court of San Juan, and was sentenced to a term of 18 to 30 years' imprisonment in the penitentiary. At present he is confined in the State Penitentiary serving said sentence.

Mirabal filed a petition for habeas corpus in this Court and an order was rendered for the issuance of a warrant directing respondent to bring petitioner before the Superior Court, San Juan Part, together with the written report required by § 476 of the Code of Criminal Procedure (34 L.P.R.A. § 1748). When the writ was served, the respondent officer set forth that he has petitioner in his custody, by virtue of the sentence pronounced in the murder case to which we have referred, and also by virtue of another sentence of two to three years in the penitentiary rendered on January 16, 1951 for the crime of escape from prison (§ 152 of the Penal Code, 33 L.P.R.A. § 509). He also set forth that said convict has still pending two sentences of imprison-

---

[1] Apparently this information was obtained from an annotation which appears on the back of a summons addressed to Mirabal, and which, by way of a return of service, Justo L. Montañez, an agent, set forth. It reads: "According to the information furnished by Miss Frca. Figueroa, he is serving one year imprisonment in the District Jail, for the crime of burglary. 10/12/44." However, in another summons dated November 2, 1944, it appears that the same agent *personally* notified Mirabal of a summons for the following November 10.

ment in jail for a total of four months, for the crimes of aggravated assault and battery and illegal carrying of weapons.[2]

At the hearing of the appeal before the Superior Court, the presiding judge asked whether the Juvenile Court had taken any action regarding the aforesaid complaints and petitioner answered "I was delivered to my father." The court commented "if he was delivered to his father, then, where is that? *It must be somewhere.*"[3]

The issue at bar in this appeal is whether in view of the stated facts, the petitioner was subject to the jurisdiction of the Juvenile Court when he committed the crime of murder and, therefore, could not be tried as an ordinary delinquent.

Act No. 37 of March 11, 1915 (Sess. Laws, p. 71, 34 L.P.R.A. § 1941 *et seq.*), created and established in each one of the judicial districts then in existence, a court to be known as the Juvenile Court, with *"exclusive original jurisdiction"* of all cases of juvenile delinquency. It was expressly provided that the court shall be *"of record"* (§ 1). For the purposes of the Act the word "child" was defined as (*a*) any child who is under sixteen years of age, or (*b*) who "having once come *within the jurisdiction* of the Juvenile Court *by the provisions of this law* has not attained its majority." The term "delinquent child" was defined as (*a*) any child who violates any law of Puerto Rico, or any ordinance of any town or city; (*b*) who is incorrigible; (*c*) who knowingly associates with thieves, vicious or immoral persons; (*d*) who is growing up in idleness or crime; (*e*) who knowingly visits or enters a house of ill-repute; (*f*)

---

[2] Apparently these crimes, such as escape from prison, were committed after petitioner became of legal age.

[3] Petitioner had filed another petition for habeas corpus which was dismissed because no evidence was offered as to the existence of the complaints before the Juvenile Court, on the ground that apparently the record had been misplaced. At the hearing of the present case reference was made to the fact that petitioner went to the Juvenile Court "three more times" and that "then they set me free. . . ."

who knowingly, patronizes or visits any gambling house or other place where intoxicating liquors are sold; (*g*) who wanders about the streets after ten o'clock at night without being on any lawful business or occupation; (*h*) who habitually uses vile, obscene, or indecent language, or is guilty of immoral conduct in any public place or about any school-house. It is specifically provided that any child committing any of the acts herein mentioned "*shall be deemed delinquent*, and shall be proceeded against as such as hereinafter provided." (Section 8.) In view of the foregoing, it seems clear that in order that a child be deemed delinquent it is not indispensable that he be previously convicted of a crime, but it is sufficient that he commits one of the above-mentioned acts.

In *Torres* v. *Saldaña*, 59 P.R.R. 633 (1941), we considered for the first time a matter related to the problem now at bar, and we decided that petitioner, who was found to be a delinquent child for the crime of burglary, and was placed in the custody of a private person during good behavior, could not be tried or sentenced by a court of ordinary jurisdiction until he attained his majority. In *People* v. *Rivera*, 71 P.R.R. 115 (1950), a criminal prosecution had been brought against appellant for petit larceny in the former district court, when he was not yet 16 years old, for which reason the action was dismissed, but no complaint whatsoever was brought before the Juvenile Court and we stated that said court "*never acquired jurisdiction over the person* of appellant," hence its exclusive jurisdiction under the doctrine of the *Torres* case could not be invoked. Finally, in *Irizarry* v. *District Court*, 72 P.R.R. 180 (1951), there was involved a minor who was put for a probation period by the Juvenile Court under the custody of his father and of his uncles, but the court never entered an order declaring the defendant a delinquent under any of the classifications enumerated in § 8 of Act No. 37. The trial court understood that since there was no

such order, the Juvenile Court had no jurisdiction over said minor. When we reversed the judgment we said that "We agree . . . that since the Juvenile Court . . . *had assumed* jurisdiction over the petitioner in the said causes when the latter was only 14 years old, the mere fact that in both orders then issued it was not expressly stated that G. I. R. was adjudged a 'delinquent child' did not mean that he should not be considered as such and that consequently, he should not continue under the jurisdiction of the Juvenile Court until he became 21 years of age."

We have established, therefore, that in order to consider a child under the jurisdiction of the Juvenile Court: (*a*) an action must have been brought before said court, since it is not sufficient that a criminal case be dismissed by the court in the exercise of its ordinary jurisdiction, upon proof that defendant was under sixteen years of age (*Rivera* case); and (*b*) it is not indispensable that there be an express pronouncement declaring defendant a delinquent child (*Irizarry* case). There still remains to determine whether once the complaint has been filed, and jurisdiction has been acquired over the person of the minor, he is still subject to this jurisdiction when the record shows that the Juvenile Court not only failed to make any pronouncement whatsoever declaring him a delinquent child, but it does not even appear that it took any *definitive action* in the proceeding instituted against him. In this respect it is convenient to bear in mind that the Juvenile Court had authority to (1) order the commitment of the child to any institution for the care of delinquent children; (2) allow him to remain in its own home in the custody of his parents; and (3) commit him to the care of the home of some family willing to take him, subject, in any such case, to the supervision of the probation officers. It is significant that whenever an order is made by the court for the commitment of a child to an institution, the law only

requires expressly that the written order of the court be rendered and recorded.[4]

■■ Now then, from our examination of the above-mentioned Act No. 37, it seems clear that a child "is within the jurisdiction" of the Juvenile Court until he has reached his majority, only in those cases when action was taken in any one of the afore-mentioned three ways. We cannot hold that the mere filing of the complaint and summons of the minor, and hence, the acquiring of jurisdiction over the person of the minor is sufficient to maintain that said child was already excluded from the scope of ordinary jurisdiction of the courts of justice if he committed a crime after having attained 16 years of age. If that were the interpretation, conceivably a 16 year-old minor against whom a complaint was filed in the Juvenile Court and who was definitively *released*, would also be immune to an ordinary prosecution if he thereafter committed a crime after attaining said age, by the mere fact that on a previous occasion an action was commenced against him in the Juvenile Court. It is inferred from the foregoing that "within the jurisdiction of a Juvenile Court" should be interpreted as subject to the custody and supervision of said court. Any language to the contrary in our opinion in the *Rivera* case to the effect that the mere acquisition of jurisdiction *over* the person of the child was sufficient, is hereby clarified.

It is true that petitioner stated that the Juvenile Court placed him in his father's custody, but said assertion is not

---

[4] Section 21 (34 L.P.R.A. § 1961) provides that:

"When the court on final hearing of any case shall decide that a child shall be committed to the correctional school or to any other analogous institution for confinement of juvenile delinquents the court shall enter such findings, which shall be entered in the juvenile court record, which shall include the findings of the court, the place to which the commitment is ordered, and a statement of the facts of the case, giving the name, age, nationality and residence of the child and of its parents, or of either of them, when and where the parents were married, circumstances surrounding the divorce if they are divorced, and who was given the custody of the child; and whether either or both parents abandoned the child."

sufficient to overcome the facts stated in the record of his case before said court. Since it was a court of record, that which appears in the record therein, should prevail. It is reprehensible that after the complaints were filed against Mirabal, the Juvenile Court did not take any action whatsoever thereon, but probably this lack of action was due to the fact that it had been reported that the minor was confined in jail serving a sentence of one year for another crime.

In view of the foregoing, the judgment appealed from will be affirmed.